**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STEPHEN DEVLIN,<br><br>Plaintiff,<br>v.<br><br>F.W. WEBB COMPANY, STEVE CHIVALLATTI, MIKE PERRY, and RYAN MILLIKEN,<br><br>Defendants. | Civ. No.: 1:25-cv-10684-MRG |

**ORDER ON DEFENDANTS' MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(1) [ECF No. 23]**

**GUZMAN, J.**

Plaintiff, Stephen Devlin ("Plaintiff" or "Devlin"), brings this action against his former employer F.W. Webb Company ("F.W. Webb" or the "Company") and co-workers, Defendants Mike Perry ("Perry"), Ryan Milliken ("Milliken"), and Steve Chivallatti ("Chivallatti") alleging racial discrimination suffered during his employment at F.W. Webb. [See Am. Compl., ECF No. 22]. After the Court granted leave to refile, Plaintiff reasserted his pending state law claims under diversity jurisdiction. [See id.] For the reasons stated below, the Defendants' motion to dismiss[1] pursuant to Fed. R. Civ. P. 12(b)(1) is **DENIED.**

## I. BACKGROUND

### A. Relevant Facts and Procedural History

[1] The Court notes that the Defendants failed to file a renewed Motion to Dismiss as to the Amended Complaint, instead they filed a memorandum with the Court asserting arguments as to subject matter jurisdiction. [See ECF No. 23].

The Court adopts the Relevant Facts and Procedural History as stated in the Court's previous Order on Defendants' Motion to Dismiss. [ECF No. 20 at 2–4]. The Court entered its order granting the Defendant's Motion to Dismiss on February 25, 2026. The case was dismissed without prejudice and the Court granted Plaintiff thirty (30) days to amend his complaint to support his claims under diversity jurisdiction, as outlined in the order. [Id. at 15–16]. Plaintiff promptly filed his Amended Complaint in support of his claims under 28 U.S.C. § 1332(a)(1) asserting diversity jurisdiction. [Am. Compl. ¶ 10]. Defendants filed a supplemental memorandum in support of their original motion to dismiss, Plaintiff filed his opposition, and Defendants provided their reply. [ECF Nos. 23–25, 30].

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and as such, the Court has "a responsibility to police the border of federal jurisdiction." Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001). When an action is brought in federal court pursuant to diversity jurisdiction, jurisdiction is proper only where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there must be complete diversity. 28 U.S.C. § 1332. The burden is on the plaintiff to "establish that the minimum amount in controversy has been met." CE Design, Ltd. v. Am. Econ. Ins. Co., 755 F.3d 39, 43 (1st Cir. 2014) (quoting Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41 (1st Cir. 2012)). A plaintiff's "good faith allegation of damages meeting the required amount in controversy is usually enough." Id. However, the First Circuit has held "'legal certainty that the claim is really for less than the jurisdictional amount,' [] trumps the plaintiff's good faith in claiming for a larger amount." See Esquilín-Mendoza v. Don King Prods., Inc., 638 F.3d 1, 4 (1st Cir. 2011) (citations omitted) (discussing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–89 (1938)).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

Defendants argue that Plaintiff's Amended Complaint fails to allege factual averments sufficient to support a basis for this Court to exercise jurisdiction, contending that the accounting provided by Plaintiff fails to establish the amount-in-controversy to support diversity jurisdiction under 28 U.S.C. § 1332. [ECF No. 23 at 4–5]. This Court disagrees.

Here, the amount in controversy exceeds $ 75,000, exclusive of interest and costs. Plaintiff asserts damages related to lost wages and employment benefits, front pay and/or reinstatement damages, emotional distress, and punitive damages in accordance with his Mass. Gen. Law. ch. 151B claims. Upon review of Plaintiff's accounting and the substance of his claims, the Court determines that Plaintiff's good faith allegation of damages is alleged with sufficient particularity of facts to support the contention that there is more than $75,000 at stake. Therefore, Mr. Devlin's expected damages are enough to meet the amount-in-controversy requirements under 28 U.S.C. § 1332. Here, there is no legal certainty that Plaintiff's claims would fall below the jurisdictional amount. See Esquilín-Mendoza, 638 F.3d at 4.

Additionally, Plaintiff properly pleads complete diversity between the parties in this case. Plaintiff is a resident of Rhode Island, and all Defendants are citizens of, or incorporated, in the Commonwealth of Massachusetts. [Am. Compl. ¶¶ 11–13]. Therefore, it is proper for this Court to determine the merits of Plaintiff's pending claims.

### B. Counts I–III: Title VII

As noted in the Court's prior order, Plaintiff failed to allege his claims under Title VII within the ninety-day window after receiving his right to sue letter from the EEOC. Therefore, the Court dismissed those federal claims with prejudice. [ECF No. 20 at 9]. Plaintiff has reasserted

these claims in his Amended Complaint. The Court will not renew its consideration of these issues. Therefore, Counts I–III remain dismissed, and only Plaintiff's state law claims will proceed.

### C. Counts IV–VI: Mass. Gen. Laws ch. 151B § 4

It is common practice that once an amended complaint is operative, then any previously filed motions to dismiss the original complaint are considered moot. Massachusetts ex rel. Powell v. Holmes, 546 F. Supp. 3d 58, 67 (D. Mass. 2021) ("When an amended complaint is filed, it normally supersedes the original complaint. From that point forward, the earlier complaint is a dead letter and no longer performs any function in the case. As a result, pleadings directed to the earlier complaint are a nullity." (citation modified)).

Given that Defendant did not renew any arguments as to the merit of the Chapter 151B claims, nor did it explicitly incorporate the arguments made in its prior Motion to Dismiss, [ECF No. 10], the Court declines to consider arguments directed solely to the superseded complaint that Defendants have not renewed in their supplemental briefing.

## IV. CONCLUSION

For the reasons stated above, the Motion to Dismiss, ECF No. 23 is **DENIED**.

**SO ORDERED.**

Dated: August 14, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge